UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TYRONE JONES** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 06-9503** |
| | * | |
| **PROCTOR FINANCIAL INSURANCE** | * | |
| **CORPORATION** | * | **SECTION "L"(5)** |

## ORDER & REASONS

Before the Court is Defendant Certain Underwriters at Lloyd's, London Subscribing to Certificate No. MP7001349 ("Lloyd's") Motion to Dismiss. (Rec. Doc. No. 17). For the following reasons, the motion is GRANTED.

**I.     Factual and Procedural Background**

This case arises out of property damage as a result of Hurricane Katrina. Plaintiff alleges that Hurricane Katrina caused extensive damage to his property located at 4601 Francisco Verett Drive in New Orleans, Louisiana. Plaintiff initially filed suit against Proctor Financial Insurance Corporation ("Proctor") in state court alleging that he held a homeowner's insurance contract with Proctor covering his home that named him as the insured. Plaintiff alleges that his home, ancillary building and contents were a total loss which entitled him to the full amount of the insurance policy. Plaintiff sought damages, as well as penalties, attorneys' fees and costs against Proctor pursuant to La. Rev. Stat. 22:657, 22:658, and 22:1220.

Proctor removed the suit to this Court on November 3, 2006, based on diversity. On June 7, 2007, the Plaintiff filed his First Supplemental and Amended Complaint which added NovaStar Mortgage ("NovaStar") and Lloyd's as additional Defendants. Plaintiff alleged that at

all times, his home was covered by an insurance policy issued by Lloyd's which names the Plaintiff as the insured and/or a third-party beneficiary. Plaintiff alleged that NovaStar failed to require that the insurer pay for all covered losses under the insurance policy. Plaintiff alleged the same causes of action against Lloyd's as he did Proctor.[1]

Lloyd's moved to dismiss arguing that the Plaintiff lacks standing to assert any causes of action against it because the Plaintiff does not have a policy of insurance with Lloyd's and Plaintiff is not entitled to recover under any policy that has been issued by Lloyd's for the property in question. Additionally, Lloyd's points to a recent case from this district which, it argues, is directly on point.

Plaintiff opposes the motion and argues that he does have standing based on three facts. First, the Plaintiff argues that he paid the insurance premiums under the policy. Second, he argues that the policy recognizes his ownership interest in the home. Third, he argues that the subrogation clause contained in the insurance contract makes him a party to the insurance policy.

## II.    Law and Analysis

"The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss, which is the proper method with which to bring a motion to dismiss for lack of standing." *Harrison v. Safeco Ins. Co. of America*, 2007 WL 1244268, *3 (E.D. La. Jan. 26, 2007) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The standard of review under Rule 12(b)(1) is the same as for a motion to dismiss under Rule 12(b)(6). *Id.* "The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

---

[1] At oral argument, the Plaintiff stated he had no claims against Proctor, and, accordingly, the Court granted Proctor's various motions and Proctor has been dismissed from this suit.

relief.'" *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court must construe the complaint liberally in favor of the plaintiff, "and all facts pleaded in the complaint must be taken as true." *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)).[2]

Typically, the purpose of a lender-placed policy is for a bank to "declare properties on which it is mortgagee and on which foreclosure has not taken place, but on which the mortgagor's insurance has been cancelled or has lapsed." *Harrison*, 2007 WL 1244268 at *4 (quoting *Lea v. Balboa Life & Cas. Ins. Co. (Meritplan)*, 1992 WL 74591, *3 (E.D. La. April 9, 1992)). When a mortgagor is not a named insured, he has no standing to bring claims under the policy. *Harrison*, 2007 WL 1244268 at *4. However, under Louisiana law an insurance contract may be judicially reformed in limited circumstances, such as mutual error or fraudulent, negligent or mistaken conduct on part of the agent issuing the policy, "and, in some cases, [when] a mortgagee [is] not included in a loss payable clause." *Lea*, 1992 WL at *4 (citing *Farmers-Merchants Bank v. Employers National Ins.*, 553 So.2d 1088, 1089 (La. App. 3d Cir. 1989)). "The equitable reformation of any insurance policy by judicial fiat requires caution and restraint." *Id.*

---

[2] A court may convert a motion to dismiss into a motion for summary judgment when the court is presented with extrinsic evidence to review. Lloyd's attached a copy of the relevant insurance policy as an exhibit to its motion. Because the insurance policy is referred to in the Plaintiff's complaint and is central to the Plaintiff's claims, the Court finds that the insurance policy is in fact part of the pleadings and declines to convert this motion to a motion for summary judgement. *See*, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Recently, in *Harrison v. Safeco Insurance Company of America*, another court in this district addressed nearly identical issues of standing with regard to lender-place insurance policies. Civil Action No. 06-4664, 2007 WL 1244268 (E.D. La. Jan. 26, 2007) (Barbier, J.). There plaintiffs filed suit against the defendants claiming that the defendants intentionally, improperly, unjustly, and negligently adjusted insurance claims after Hurricane Katrina. *Id.* at *1. The plaintiffs, however, were not parties to the insurance policies, but rather the policies were "lender-placed" policies where the mortgagees paid the premiums on the policies. *Id.* The court found that the plaintiffs lacked standing to bring their claims because they were not parties to the insurance contracts. *Id.* at *4. According to the court, there was no relationship between the plaintiffs and the defendant insurers and "the property was only insured because the [p]laintiffs' mortgage holders obtained coverage when the [p]laintiffs could not provide them with sufficient proof of coverage." *Id.* at *5. The court also found that the plaintiffs were not third party beneficiaries to the policies. *Id.* In so holding, the court found that the plaintiffs were not intended beneficiaries under the policies, and the references to "borrowers" in the policies did not create a stipulation pour auturi. *Id.* Nor did the fact that the plaintiffs reimbursed their lenders for the insurance premiums create a stipulation pour auturi. *Id.* Additionally, the court held when there is no insurance coverage, Louisiana Revised Statutes 22:658 and 22:1220 are inapplicable. *Id.*

Plaintiff argues that *Harrison* was wrongly decided. In support of his argument, Plaintiff points to *Hickman v. Safeco Ins. Co. of America*, a Minnesota Supreme Court decision. 695 N.W.2d 365 (Minn. 2005). The Minnesota court held that because the insurance contract contained several provisions that provided for the payment of insurance proceeds to the "borrower," he was a third party beneficiary to the insurance contract. *Id*. at 370-71. For

example, the insurance contract in *Hickman* provided that the insurer would pay any amount in excess of the mortgagee's interest to the borrower; the borrower had the right to seek arbitration of the appraisal of a loss covered by the policy if the borrower disagreed with the amount of loss determined by the insurer; the policy included coverage for personal property that the mortgagee had no insurable interest. *Id.* at 370-71. Because of these clauses, the court believed that the policy meant that the borrower was an intended third party beneficiary. *Id.* at 371. There are no such clauses in the present policy. Thus, *Hickman* is not dispositive, or even persuasive, as to the issues presented in this case.

The Court finds the reasoning in *Harrison* persuasive. The Plaintiff is not a named insured on the policy, and the policy in question was obtained only when the Plaintiff could not provide his mortgagee with sufficient proof of coverage. There is no legal relationship between the Plaintiff and Lloyd's to permit the assertion of the claims against Lloyd's.

The Plaintiff also argues that the insurance policy in question is a contract for the benefit of a third party. "To establish a ... stipulation pour auturi [ ] there must a clear expression of intent to benefit the third party." *Harrison*, 2007 WL 1244268 at *5. The Plaintiff argues that the insurance policy is a stipulation pour auturi in light of the following three facts: that he paid the premiums, that the policy refers to the "Borrower" and thus recognizes his ownership interest, and the subrogation clause in the policy makes the Plaintiff a party to the contract.

The Court finds, however, that there is no clear manifestation in the policy to confer a benefit upon the Plaintiff. First, federal courts in this state have determined that the "proper means to include a stipulation pour auturi in an insurance contract is to name the third party as an additional insured." *Harrison*, 2007 WL 1244268 at *5 (citing, *Nesom v. Chevron U.S.A. Inc.*, 633 F. Supp. 55, 58 (E.D. La 1984); *St. Julien v. Diamond M. Drilling*, 403 F. Supp. 1256, 1259

(D.C. La. 1975)).  Also, because the mere reference to a third party does not create a stipulation pour auturi, the Court rejects the Plaintiff's argument that references to the "Borrower" in the policy are sufficient.  *See Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 2006).  Also, the payments Plaintiff made to his lender for the insurance premiums do not create stipulations pour auturi.  *See Harrison*, 2007 WL 1244268 at *5 (citing *Kilson v. American Road Insurance Co.*, 345 So.2d 967, 969 (La. Ct. App. 1977)).

It is on this issue that *Hickman* can be distinguished.  The policy in *Hickman* provided that the insurer would pay any amount in excess of the mortgagee's interest to the borrower; the borrower had the right to seek arbitration of the appraisal of a loss covered by the policy if the borrower disagreed with the amount of loss determined by the insurer; the policy included coverage for personal property that the mortgagee had no insurable interest.  695 N.W.2d at 370-71.  Here, the insurance policy in question appears to lack any provision that would provide for payment to the Plaintiff.  According to the terms of the policy "Loss shall be adjusted with and made payable to the Insured unless another payee is specifically named."  Additionally, the policy does not cover "[p]ersonal property in which parties other than the Insured  also have an insurable interest, when the Insured interest is said property is otherwise covered by insurance."  The Court finds that the insurance policy is not a stipulation pour auturi.

Because there is no insurance coverage between the Plaintiff and Lloyd's, Louisiana Revised Statutes 22:658 and 22:1220 are inapplicable.  *Harrison*, 2007 WL 1244268 at *5 (citing *Holden v. Connex-Metalna*, 2001 WL 15639, *2 (E.D. La. Jan. 5, 2001)).  Accordingly, the Court finds that these claims, as well as others, should be dismissed based on the lack of a legal relationship between the Plaintiff and Lloyd's.

## III.     Conclusion

Accordingly, Defendant Certain Underwriters at Lloyd's, London Subscribing to Certificate No. MP7001349 ("Lloyd's") Motion to Dismiss is GRANTED, and Plaintiff's claims against Lloyd's are hereby DISMISSED.

New Orleans, Louisiana, this 21st day of November, 2007.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE