UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TYRONE JONES** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 06-9503** |
| | * | |
| **PROCTOR FINANCIAL INSURANCE** | * | |
| **CORPORATION** | * | **SECTION "L"(5)** |

## ORDER & REASONS

Before the Court is Defendant NovaStar Mortgage, Inc. ("NovaStar") Motion to Dismiss. (Rec. Doc. No. 23). For the following reasons, the motion is DENIED.

### I.    Factual and Procedural Background

This case arises out of property damage as a result of Hurricane Katrina. Plaintiff alleges that Hurricane Katrina caused extensive damage to his property located at 4601 Francisco Verett Drive in New Orleans, Louisiana. Plaintiff initially filed suit against Proctor Financial Insurance Corporation ("Proctor") in state court alleging that he held a homeowner's insurance contract, issued by Proctor, covering his home that named him as the insured. Plaintiff alleges that his home, ancillary building and contents were a total loss which entitled him to the full amount under his insurance policy. Plaintiff sought damages, as well as penalties, attorneys' fees and costs against Proctor pursuant to La. Rev. Stat. 22:657, 22:658, and 22:1220.

Proctor removed the suit to this Court on November 3, 2006, based on diversity. On June 7, 2007, the Plaintiff filed his First Supplemental and Amended Complaint which added NovaStar as an additional Defendant. Plaintiff alleged that NovaStar failed to require that the insurer pay for all covered losses under the insurance policy.

NovaStar has moved to dismiss arguing that the complaint fails to state a valid claim for relief against NovaStar. Specifically, NovaStar argues that the complaint fails to allege any duty owed by NovaStar to the Plaintiff, nor does the complaint allege any obligation, contractual or otherwise, that would require NovaStar to pursue claims purportedly belonging to Plaintiff.

Plaintiff initially failed to file an opposition to the motion, but stated at oral argument that such failure was an oversight; accordingly the Court ordered the Plaintiff to file an opposition within one week. Plaintiff complied and argues that the complaint alleges that NovaStar had a duty to ensure that all amounts due under the insurance policy are paid to the Plaintiff, and that this is sufficient to defeat a motion to dismiss. Additionally, the Plaintiff argues that a recent decision from a court in this district on substantially similar issues held that the fact that the lack of a written contract establishing a fiduciary relationship did not absolve the mortgagee from its duty of good faith to its mortgagor.

## II.     Law and Analysis

"The district court may not dismiss a complaint under rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court must construe the complaint liberally in favor of the plaintiff, "and all facts pleaded in the complaint must be taken as true." *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). Rule 12(b)(6) motions are viewed with disfavor and are rarely granted. *See Leleux v. United States*, 178 F.3d 750, 754

(5th Cir. 1999).

In *Colvin v. NovaStar Mortgage, Inc.*, another court from this district denied NovaStar's motion for summary judgment that raised substantially similar issues. 2007 WL 2991818, *1-*2 (E.D. La. Oct. 10, 2007) (Livaudais, J.). NovaStar argued that it was merely a lender, and was not the plaintiff's insurer, and, because the plaintiff's claims were directed at an insurer, summary judgment was appropriate. *Id.* at *2. NovaStar also argued that it owed no fiduciary duty to the plaintiff because there was no trust or agency agreement between the parties. *Id.* The court denied NovaStar's motion for summary judgment stating that under Louisiana law, the concept of "equitable reformation" has allowed mortgagees, who were omitted from the loss payable clause of an insurance policy, to reform the contract allowing them recovery. *Id.* (quoting *First Nat'l Bank of Denham Springs v. Indep. Fire Ins. Co.*, 934 F.2d 73, 76 (5th Cir. 1991)). The court also noted that the lack of a fiduciary relationship did not absolve the mortgagee from its duty of good faith and fair dealing. *Id.* (citing *BizCapital Business & Industrial Development Corp. v. Union Planter's Corp.*, 884 So.2d 623, 628 (La. App. Ct. 2004)). As a result, the court held that the complaint contained sufficient allegations that NovaStar acted in a manner to breach a duty owed to its mortgagor and raised a genuine issue of material fact.

For similar reasons, the Court finds that the complaint contains sufficient allegations against NovaStar. The Court finds that it is not beyond doubt that the Plaintiff cannot prove any set of facts that would entitle him to relief.

**III.     Conclusion**

Accordingly, Defendant NovaStar Mortgage, Inc. Motion to Dismiss is DENIED.

New Orleans, Louisiana, this 28th day of November, 2007.

UNITED STATES DISTRICT JUDGE